UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRES CISNEROS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-5043 |
| | ) |
| AUDIT SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ANDRES CISNEROS ("Plaintiff"), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, AUDIT SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a natural person residing in Chicago, Cook County, Illinois.

1

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Clearwater, Florida.

11. Defendant is a business entity engaged in the collection of debt within the State of Illinois.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with an automotive loan.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's telephone at xxx-xxx-4148.

19. Defendant calls Plaintiff from 866-761-2179, which is one of Defendant's telephone

numbers.

20. Even if at one point in time Plaintiff owed the alleged debt, Plaintiff did not owe the debt when Defendant attempted to collect the debt from Plaintiff.

21. On more than one occasion since Defendant began calling Plaintiff, Plaintiff has answered Defendant's collection call and has spoken with one of Defendant's collectors.

22. On at least one occasion since Defendant began calling Plaintiff, Plaintiff disputed owing the alleged debt and told Defendant's collector that the debt was discharged in Chapter 7 bankruptcy.

23. Despite Plaintiff's oral dispute of the alleged debt, Defendant continued to place collection calls to Plaintiff's telephone.

24. On or around June 12, 2018, Plaintiff spoke with one of Defendant's female collectors.

25. During the aforementioned conversation, Defendant's female collector did not state that the call was from Audit Systems, Inc.

26. Defendant's female collector was working within the scope of her employment when communicating with Plaintiff in an attempt to collect a debt.

27. Defendant's female collector is familiar with the FDCPA.

28. Defendant's female collector knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity, when Defendant's female collector failed to identify her company as Audit Systems, Inc. when communicating with

3

     Plaintiff in an attempt to collect the alleged debt;

b. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant attempted to collect a debt not owed by Plaintiff and when Defendant continued to call Plaintiff after Plaintiff orally disputed owing the alleged debt and even after Defendant knew the alleged debt was discharged in Chapter 7 bankruptcy;

c. Defendant violated § 1692e by its false, deceptive, or misleading representations or means in connection with the collection of any debt, when Defendant attempted to collect a debt not owed by Plaintiff, when Defendant continued to call Plaintiff after Defendant knew the alleged debt was discharged in Chapter 7 bankruptcy and when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff not owing the alleged debt;

d. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt, when Defendant continued to call and harass Plaintiff in an attempt to collect the alleged debt;

e. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff orally disputed owing the alleged debt; and

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable

means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, ANDRES CISNEROS, respectfully requests judgment be entered against Defendant, AUDIT SYSTEMS, INC., for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

32. Any other relief that this Honorable Court deems appropriate.

DATED:  July 24, 2018			RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Ave.
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff